UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC SOLANA BEACH<br>HOLDINGS, *et al.*,<br><br>    Defendants. | Civil No. 09CV2837-L(JMA)<br><br>**ORDER GRANTING DEFENDANT<br>BIG 5 CORP.'S MOTION FOR<br>LEAVE TO FILE A THIRD-PARTY<br>COMPLAINT** |

In this action for disability discrimination in access to and enjoyment of public facilities, Defendant Big 5 Corp. dba Big 5 Sporting Goods #223 ("Big 5") filed a motion for leave to file a third-party complaint against former Defendant and Big 5's landlord Pacific Solana Beach Holdings, LP ("Pacific). Pacific opposed the motion and Big 5 replied. For the reasons which follow, Big 5's motion is **GRANTED**.

This action was brought against four Defendants, Pacific, Big 5, The Vons Companies, Inc. dba Vons #2327 ("Vons"), and Ross Dress for Less, Inc. dba Ross Dress for Less #263 ("Ross"). Big 5, Vons and Ross were served first and all of them answered the complaint. On March 12, 2010 Plaintiff served Pacific and filed a notice of settlement of his claims against Big 5, Vons and Ross. On April 15, 2010 the claims against Vons and Ross were dismissed pursuant to a joint motion to dismiss. Pacific settled Plaintiff's claims against it, and on April 28, 2010 those claims were dismissed pursuant to a joint motion. It appears that Plaintiff's settlement with Big 5 fell through, because on May 18, 2010 Plaintiff withdrew his notice of settlement of

claims against it.  Big 5 is the only remaining Defendant in this case.  It filed a motion pursuant to Federal Rule of Civil Procedure 14(a) to file a third-party complaint against Pacific.

Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Because Big 5 did not file its third-party complaint within 14 days after answering the complaint, leave of court is required.

The purpose of Rule 14(a) is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual . . . ." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  However, a "third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. . . . It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

Big 5 wants to file a complaint alleging that based its lease with Pacific, Pacific must indemnify Big 5 if Plaintiff prevails.  Big 5 intends to assert indemnity claims against Pacific which are dependent on the outcome of Plaintiff's claim against Big 5 and wholly derivative of its liability.  Accordingly, Big 5's proposed third-party complaint meets the secondary or derivative requirement.

Pacific argues that Big 5 should not be granted leave because the proposed third-party complaint will add undue complexity to this case.  "It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action." *Rozay's Transfer*, 791 F.2d at 777.  Big 5's proposed complaint will introduce the necessity to interpret the lease between Big 5 and Pacific to determine whether Big 5 is entitled to indemnity from Pacific should Plaintiff prevail against Big 5, and if so, to what extent.  This kind of complexity is anticipated and subsumed in the standard governing Rule 14(a) impleaders.  Leave may be granted where liability is derivative and secondary.  Accordingly, the determination whether the

derivative or secondary liability claim against the third-party defendant has merit, by itself, should not preclude leave to file a third-party complaint.

Next, Pacific contends that it would be unduly prejudiced if Big 5 is granted leave to file a third-party complaint. Pacific argues that it would be required to litigate the underlying liability to Plaintiff and re-expose itself to the risk of statutory attorney's fees after having settled with Plaintiff. However, Big 5's complaint against Pacific does not present the underlying liability issues as between Pacific and Plaintiff or Big 5 and Plaintiff. It presents Big 5's claims against Pacific. The proposed third-party complaint is based entirely on Big 5's alleged right to indemnity from Pacific. It is an alternative to Big 5's separate indemnity action against Pacific. *See Rozay's Transfer*, 791 F.2d at 777. Pacific has failed to show how the prejudice it would suffer from defending a separate action would be any less than the prejudice it would suffer from having to defend a third-party complaint in this action.

Further, Pacific argues that Big 5 unduly delayed filing this motion because it answered the complaint and did not file a cross-claim against Pacific or demand that it cure pursuant to the lease the alleged access barriers, before Pacific settled its claims with Plaintiff. Big 5 counters that it did not do so because it thought it was going to settle with Plaintiff as well, as indicated on the notice of settlement. Even if the court were to accept Pacific's position that Big 5 was remiss for not filing a cross-claim or making a demand on Pacific before Pacific's settlement, Pacific has not shown that it has been prejudiced by the delay.

Last, Pacific argues that Big 5's proposed alleged indemnity claims lack merit because they are not supported by the express terms of the lease. Assuming *arguendo* that Pacific is correct, this does not by itself dispose of all the proposed claims. The proposed third-party complaint is not based only on the express terms of the lease, but includes an implied indemnity claim, which Pacific did not directly address. In addition, the merits arguments presented by Pacific are more appropriate to a motion to dismiss or motion for summary judgment, where they can be appropriately briefed. Accordingly, the court declines to consider Pacific's lease interpretation arguments at this time.

/ / / / /

1       Based on the foregoing, Big 5's motion for leave to file a third-party complaint is
2 **GRANTED**.  No later than **December 22, 2010**, Big 5 shall file the third-party complaint
3 attached to the Declaration of Judy Y. Chiang, if any.  Pacific's response to the third-party
4 complaint, if any, shall be filed no later than 21 days after being served with the summons and
5 the third-party complaint.
6       **IT IS SO ORDERED**.

8 DATED:  December 14, 2010

                                            M. James Lorenz
10 COPY TO:                              United States District Court Judge

HON. JAN M. ADLER
12 UNITED STATES MAGISTRATE JUDGE

13 ALL PARTIES/COUNSEL